**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Road, Building 6
Moorestown, New Jersey 08057
856-795-2181
*Attorneys for Plaintiff*
By:    Steven J. Bushinsky, Esquire
         W. Daniel Feehan, Esquire

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRUSTEES OF THE UFCW LOCAL 152 RETAIL MEAT PENSION FUND FOR AND ON BEHALF OF THEMSELVES AND SAID FUND; TRUSTEES OF THE UFCW LOCAL 152 SAVINGS PLAN FOR AND ON BEHALF OF THEMSELVES AND SAID FUND** | Civil Action No.: |
| *Plaintiffs,*<br>vs. | **COMPLAINT** |
| **VIN-INCO ENTERPRISES, INC. a/k/a INCOLLINGO'S MARKET** | |
| *Defendant* | |

## JURISDICTION AND VENUE

1.     The jurisdiction of this court is invoked pursuant to Sections 502(e)(1) and (f) and 515 of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e)(1) and (f) and §1145 respectively, and §301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185; and 28 U.S.C. §1331.

2.     This Court is one of proper venue pursuant to Section 502(e)(2) of

ERISA, 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185 because the Plaintiff Funds are administered in the State of New Jersey and the breach took place in New Jersey.

3.     This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) and Section 301 of the LMRA, 29 U.S.C. §185 because Defendant maintains or maintained a principal place of business in the State of New Jersey

4.     A copy of this Complaint is being served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

5.     Plaintiffs, Trustees of the UFCW Local 152 Retail Meat Pension Fund (hereafter, "Plaintiff Retail Meat Fund") are fiduciaries of the Fund within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §1002(21) and §1132.  The Plaintiff Retail Meat Fund is a trust fund established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and is an employee benefit plan established and maintained pursuant to Sections 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3).  Plaintiff Retail Meat Fund is also multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. 1002(37)

2

and 1145 respectively.

6.      Plaintiffs, Trustees of the UFCW Local 152 Savings Plan (hereafter, Plaintiff Savings Fund) are fiduciaries of the Fund within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §1002(21) and §1132.  The Plaintiff Savings Fund is a trust fund established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and is an employee benefit plan established and maintained pursuant to Sections 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3).  Plaintiff Savings Fund is also a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. 1002(37) and 1145 respectively.

7.      Plaintiff Retail Meat Fund and Plaintiff Savings Fund (hereafter "Plaintiff Funds") are authorized to commence this action and to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1) and Section 301 of the LMRA, 29 U.S.C. §185.

8.      The Trustees of the Plaintiff Funds are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21)(A).

9.      Plaintiff Funds maintain their principal place of business at 27 Roland Avenue, Suite 100, Mount Laurel, New Jersey 08054.

10.     Plaintiff Funds brings this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of

ERISA, 29 U.S.C. §1132; and Section 301 of LMRA, 29 U.S.C. §185.

11.     Defendant, Vin-Inco Enterprises, Inc., a/k/a Incollingo's Market
(hereinafter referred to as "Defendant Incollingo's") or "defendant" or "employer"
and "Party in Interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C.
§1002(5) and (14) respectively and Section 301 of LMRA, 29 U.S.C. §185.

12.     Upon information and belief, Defendant Incollingo's is a corporation
that maintains or maintained its principal place of business at One North Virginia
Avenue, Penns Grove, New Jersey 08069.

## COUNT ONE

13.     Plaintiff Funds incorporate the allegations in paragraphs 1 through 12
of this Complaint as though set forth herein in their entirety.

14.     The CBA in effect between Defendant Incollingo's and the UFCW
Union Local 152 (hereafter, "Union") requires that fringe benefit contributions be
made to Plaintiff Funds on behalf of the employees of Defendant Incollingo's.

15.     Defendant Incollingo's has failed to remit and/or has only remitted a
portion of the required fringe benefit contributions to the Plaintiff Retail Meat
Fund for the time period of, including but not limited to, April 2016 through
February 2020.

16.     Defendant Incollingo's untimely paid contributions to the Plaintiff

Savings Fund for the period of, including but not limited to, September 2016

through March 2018 and failed to pay interest and delinquent penalties as required

by the CBA and Plaintiff Saving Fund's Collection Policy and Trust Agreement.

17.     Additionally, a payroll audit was conducted for plan year 2017

showed Defendant Incollingo's failed to remit contributions to Plaintiff Savings

Fund.

18.     Payment of the delinquencies enumerated herein has been demanded

by the Plaintiff Funds on several occasions, but Defendant Incollingo's has failed

to remit the amounts owed.

19.     The failure of Defendant Incollingo's to pay the required

contributions constitutes a prohibited transaction as described in Section

406(a)(1)(B) of ERISA, 29 U.S.C.§1106(a)(1)(B).

20.     Defendant Incollingo's failure to pay the delinquencies enumerated is

violative of Section 515 of ERISA, 29 U.S.C. §1145.

**WHEREFORE**, Plaintiff Funds respectfully requests the following relief:

(A)     Order Defendant Incollingo's to pay contributions due and

owing to Plaintiff Funds for all periods outstanding.

(B)     Order Defendant Incollingo's to pay interest on the delinquent

contributions at the rate provided by Section 502(g) of ERISA, 29 U.S.C.

§1132(g).

(C)     Order Defendant Incollingo's to pay liquidated damages as provided by Section 502(g) of ERISA, 29 U.S.C. §1132(g).

(D)     Order Defendant Incollingo's to specifically perform all obligations to the Plaintiff Funds under the Collective Bargaining Agreement and Memorandum of Agreement.

(E)     Order Defendant Incollingo's to pay Plaintiff Funds' reasonable attorneys' fees incurred in the prosecution of this action as provided by Section 502(g) of ERISA, 29 U.S.C. §1132(g).

(F)     Order Defendant Incollingo's and all of their respective employees, agents, representatives, and all persons acting in concert with Defendant Incollingo's be restrained and enjoined from distributing, alienating, transferring, assigning, incumbent or otherwise dispersive of Defendant Incollingo's assets, regardless of amount, if any, or the nature of the compensation received from the same of Defendant Incollingo's during the pendency of this action and until judgment is satisfied.

(G)     Order such other and further relief as this Court may deem just and appropriate.

## <u>COUNT TWO</u>
**Restrain Disposing of Assets**

21.     The allegations of paragraphs 1 through 20 above are incorporated by reference as if fully set forth herein.

22.     Upon information and belief, Defendant Incollingo's will be closing its business as the commercial building where Defendant Incollingo's is located will be sold on or before October 2021.

23.     Upon information and belief, Defendant Incollingo's has indicated to the Union that represents Defendant Incollingo's bargaining unit employees that it will not be opening in another location, and intends to permanently close the supermarket.

24.     Unless Defendant Incollingo's is restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of their assets, Defendant Incollingo's will have no assets with which to meet their fiduciary obligations to the Plaintiff Funds thereby causing the Plaintiff Funds and its participants and beneficiaries immediate and irreparable loss, damage and injury for which the Plaintiff Funds will have no adequate remedy at law.

**WHEREFORE,** Plaintiff Funds respectfully request judgment as follows:

(A)    Order Incollingo's and all of their respective employees, agents,

representatives, and all persons acting in concert with Defendant Incollingo's be

restrained and enjoined from distributing, alienating, transferring, assigning,

incumbent or otherwise dispersive of Defendant Incollingo's assets, regardless of

amount, if any, or the nature of the compensation received from the same of

Defendant Incollingo's during the pendency of this action and until judgment is

satisfied.

      (B)    Order such other and further relief as this Court may deem just

and appropriate.

          **O'BRIEN, BELLAND & BUSHINSKY, LLC**
          Attorneys for Plaintiffs


          By: W. Daniel Feehan /s/
              W. Daniel Feehan, Esquire
              Steven J. Bushinsky, Esquire
              509 S. Lenola Road
              Building 6
              Moorestown, New Jersey 08057

Dated: June 25, 2021